PETTUS v. SMITH.

(Circuit Court, D. Connecticut. October 1, 1902.)

No. 518.

1. FEDERAL PRACTICE—PLEADING—JOINDER OF LEGAL AND EQUITABLE DEFENSES.

Legal and equitable defenses may not be joined in a suit transferred to a federal court, where the practice in law and equity is not the same.

2. SAME—BILLS AND NOTES—DEFENSES—PLEADING.

Where, in an action on a note for legal services, the answer set up facts showing that the payees were entitled to recover something for services rendered, and the only defense alleged was that the services were not worth the price charged, but there was no allegation of misrepresentation of any material fact on which defendant was entitled to rely in making the note or settlement, the answer was demurrable.

Action at Law upon Promissory Note.

Pettus & O'Neill (John J. O'Neill, of counsel), for plaintiff.
Newton, Church & Hewitt, for defendant.

PLATT, District Judge. The answer filed May 31, 1902, is as follows:

"Answer.

"First Defense. Plaintiff and Susan C. O'Neill, of Waterbury, Connecticut, attorneys at law, in the years 1900 and 1901 jointly rendered legal services for the defendant under a joint agreement that they should be paid jointly a reasonable sum for their services.

"(2) It was further agreed in reference to said services, before the rendering thereof, that whenever the plaintiff and said O'Neill should be called away from the places of their residence, in order to render such services, they should only charge their traveling expenses in addition to the ordinary charges or reasonable value of such services if rendered by a Connecticut lawyer at the place of his residence.

"(3) About the close of the year 1901, plaintiff and said O'Neill presented to the defendant bills for said services aggregating more than fifteen thousand ($15,000) dollars, and represented to the defendant that said services were reasonably worth more than $15,000, and that more than that sum would ordinarily be charged therefor by lawyers in fair standing, and that more than $15,000 was justly due from the defendant to plaintiff and said O'Neill.

"(4) Said services were not reasonably worth more than two thousand ($2,000) dollars, and not more than that sum would ordinarily be charged for similar services by lawyers in fair standing, and all traveling and incidental expenses in connection therewith did not exceed five hundred ($500) dollars, and not more than $2,500 was justly due from the defendant to the plaintiff and said O'Neill.

"(5) Defendant not having been accustomed to employ lawyers, and relying upon the correctness of said bills so sent her, and of said representations, and induced thereto by the further representations of plaintiff and said O'Neill that attempts might be made to place her in an insane asylum, and that in such case it would be for her benefit to have given the notes hereinafter mentioned, and by threats that plaintiff and said O'Neill would proceed at once to take possession of property of the plaintiff the title to which was held by them as collateral, and believing that the amount of $15,000 was justly due from her to the plaintiff and said O'Neill, executed and delivered to each of them a promissory note for seventy-five hundred ($7,500) dollars, one of which notes is that alleged in the complaint.

"(6) Said O'Neill has brought suit upon her said note to the superior court for New Haven county, state of Connecticut, held at Waterbury, Connecticut, and has obtained judgment by default in said suit for the sum of $7,500, with interest and costs, and has filed a judgment lien upon the property of the plaintiff, and is proceeding to collect said note.

"(7) The amount for which said O'Neill has thus obtained judgment, and which she is proceeding to collect, far exceeds the whole amount which was ever due the plaintiff and said O'Neill, taken together.

"Second and Partial Defense. Paragraphs 1, 2, 3, 4, and 5 are made paragraphs 1, 2, 3, 4, and 5 of this defense.

"(6) Not more than twelve hundred and fifty ($1,250) dollars was justly due from the defendant to the plaintiff at the time of the giving of said note.

"By Way of Counterclaim.

"All the paragraphs of the first defense are made a part of this counterclaim.

"Defendant claims five thousand ($5,000) dollars damages.
"Mary E. Wright Smith, Defendant,
By Newton, Church & Hewitt, Her Attorneys."

To this answer the plaintiff demurs òn several grounds: (1) That it is not denied, and is admitted, that some benefit accrued to the defendant from the services rendered by the plaintiff, and that the plaintiff was put to some loss, all of which raised a consideration for the note sued upon. (2) That the answer fails to disclose any fraud, mistake of law or fact, or misrepresentation, or any facts from which any of them can be inferred, relying upon which the defendant was induced to execute the note.

The demurrer attacks the first defense, which is practically a plea in bar, and also the second defense, which is partial and rather in the nature of a plea in mitigation of damages, asking for a reduction of

the amount demanded, and also the counterclaim, which really asks for more damages than are admitted to be due under the second defense.

Under the United States practice, the line of demarcation between law and equity has always been clearly defined and distinct. Whatever reasons could be advanced for the propriety of this mode of pleading under our state practice, which permits the joinder of legal and equitable defenses, lose their potency when transferred to this jurisdiction.

The cause of action is plain and simple. A promissory note was duly signed, executed, and delivered, and has not been paid, in whole or in part, and the plaintiff naturally wishes her money. This she ought to have, unless she has indulged in such practices as in law will work to vitiate the plain contract which the note represents. The demurrer searches the record, and compels her to admit all facts in the answer which constitute a legal defense to the action. I cannot find in the answer any statement that the plaintiff misrepresented a single material fact in such a way that the defendant was entitled to rely solely upon her statement, and was thereby misled into doing a thing which she would not otherwise have done.

The demurrer to the answer is sustained, with costs. Let the answer be stricken out, with leave to the defendant to answer further within 15 days.